Case 4:18-cv-02587   Document 14   Filed on 03/26/19 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| William Stephen Carpenter, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action H-18-2587 |
| Lorie Davis, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## Memorandum and Recommendation

William Stephen Carpenter has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for continuous family violence. (D.E. 1.) He also filed a Motion for Leave to Utilize Discovery (D.E. 11) and an Amended Motion for Leave to Utilize Discovery. (D.E. 12.) The court recommends that the petition be dismissed with prejudice as time-barred. The motion for discovery is denied.

### 1. *Background*

On June 6, 2014, Carpenter pleaded guilty in the 435th Judicial District Court for Montgomery County, Texas, to continuous family violence and was placed on deferred adjudication for five years. (D.E. 9-15 at 74–77.) The charges were based on two instances when Carpenter committed acts of violence against his grandparents. (D.E. 9-15 at 73.) On December 5, 2014, the State filed a motion to adjudicate guilt alleging that Carpenter violated the conditions of his deferred adjudication. (D.E. 9-15 at 78–79.) The State filed an amended motion to adjudicate guilt on June 24, 2015. (D.E. 9-15 at 80–81.) On October 22, 2015, Carpenter pleaded true to technical violations. (D.E. 9-15 at 85.) On the same day, the district court sentenced him to ten years confinement in the Texas Department of Criminal Justice and a $1,000 fine. (D.E. 9-15 at 85.)

The court of appeals affirmed the district court's judgment. *Carpenter v. State*, No. 12-17-00015-CR (Tex. App.–Tyler Aug. 9, 2017).

Carpenter did not file a petition for discretionary review in the Texas Court of Criminal Appeals. He filed three state court habeas applications. After the first application, filed on April 28, 2016, the Texas Court of Criminal Appeals permitted him to file an out-of-time appeal of the judgment revoking his probation. He filed the second state court habeas application on November 13, 2017, which the TCCA dismissed on March 28, 2018, for non-compliance with the Texas Rules of Appellate Procedure. He filed the third application on April 2, 2018. (D.E. 9-15 at 6.) The TCCA denied the application without written order on the findings of the trial court without a hearing on June 27, 2018. (D.E. 9-14 at 1.)

Carpenter filed this federal petition for writ of habeas corpus on July 25, 2018. Carpenter identifies his October 22, 2015, judgment adjudicating guilt as the conviction he is challenging, but his petition concerns only events leading up to his guilty plea on June 6, 2014. He raises three grounds for relief: (1) that his guilty plea was involuntary due to ineffective assistance of counsel; (2) that he received ineffective assistance of counsel when his lawyer failed to object to the district court's jurisdiction; and (3) that he was deprived of Due Process under the Fourteenth Amendment because the district court lacked subject matter jurisdiction. (D.E. 1 at 6–9.)

2. *Statute of limitations*

AEDPA sets a one-year limitations period for federal habeas petitions. See 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

>> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Carpenter challenges only his deferred adjudication judgment, the statute of limitations runs from the date on which that judgment became final. *See Caldwell v. Dretke*, 429 F.3d 521, 529–30 (5th Cir. 2005) (holding that an order placing a defendant on probation or deferred adjudication supervision is a "final judgment" for purposes of section 2244(d)(1)(A)). A state conviction becomes "final" under AEDPA when there is no further "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Carpenter waived his right to appeal when he was placed on deferred adjudication following his guilty plea on June 6, 2014. Even assuming he had a right to appeal, Carpenter's deadline to appeal expired thirty days later and the judgment became final on July 7, 2014. *See* Tex. R. App. Proc. 26.2. The federal statute of limitations expired one year later, on July 7, 2015.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending tolls the one-year limitations period. Carpenter filed his first state habeas application in April 2016, about nine months after the statute of limitations expired. Because Carpenter filed his state post-conviction petitions after the time for filing a § 2254 application had lapsed, the state petitions did not toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

No other AEDPA provision applies to extend the limitations period. Carpenter does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. *See* 28 U.S.C. § 2244(d)(1)(B). None of his claims relies on a newly recognized constitutional right that the Supreme Court retroactively applied to cases

pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). None of Carpenter's claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. 28 U.S.C. § 2244(d)(1)(D).

### 3. *Equitable tolling*

Carpenter argues equitable tolling applies. Carpenter is not entitled to equitable tolling. For equitable tolling to apply, the petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the state misled Carpenter or prevented him from filing within the deadline. Nor does the record support a finding that Carpenter was diligent in pursuing his rights. Over nine months lapsed between the expiration of the federal limitations period and when he filed his first state habeas application.

### i. *Equitable tolling based on actual innocence*

Carpenter argues that his untimeliness should be excused because of actual innocence. (D.E. 1 at 6; D.E. 10 at 5.) Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas review. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). To show actual innocence, a habeas petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (stating that the *Schlup* standard is "demanding" and met "only in the 'extraordinary' case"). A petitioner must then show that it is more likely than not, in light of the newly-discovered evidence, that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at

327. In this context, newly-discovered evidence of a petitioner's actual innocence refers to factual innocence, not legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Carpenter presents no newly-discovered evidence proving his actual innocence. In support of his actual innocence claim, Carpenter cites only the affidavit of Paul Bowers. (D.E. 3 at 2–3.) Bowers is Carpenter's grandfather and the victim of Carpenter's offense. In the affidavit, dated August 25, 2017, Bowers states that if Carpenter had not pleaded guilty, he would have testified that Carpenter did not commit the offense.

Bowers's affidavit is not new evidence as required to evade the statute of limitations. "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). Carpenter does not explain why he could not have discovered this potential testimony within a year of his deferred adjudication judgment. Bowers's affidavit states that at the time Carpenter took his guilty plea, Bowers knew that he would have testified that Carpenter did not physically abuse him on the dates in question. Bowers, the victim, was always known to Carpenter as a potential source of testimony.

Bowers's affidavit does not excuse Carpenter's untimeliness.

### ii. Equitable tolling based on mental illness

Carpenter's petition could be construed to argue that Carpenter is entitled to equitable tolling due to a "long history of mental illness." (D.E. 1 at 6.) "Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013).

Carpenter presents no evidence substantiating his mental illness. Carpenter's 2017 state court habeas application alleges that Carpenter was diagnosed with bipolar and manic depressive disorders and was regularly treated at public mental health institutions. (D.E. 9-12 at 36.) Carpenter does not address why his alleged mental illness prevented him from filing a federal petition for writ of habeas corpus within the one-year statute of limitations.

The state district court found that Carpenter "was mentally competent and that his plea was free and voluntary." (D.E. 9-9 at 65.) This

court presumes that determination to be correct. 28 U.S.C. § 2254(e). Carpenter's trial lawyer, William Harrison, submitted an affidavit stating that he had "many conversations with [Carpenter] and his family regarding his mental health." (D.E. 9-12 at 62.) Harrison stated that Carpenter did not ever indicate lack of mental capacity at the time of the offense or at the time of the plea. (D.E. 9-12 at 62.) Harrison stated that Carpenter's family agreed that Carpenter was competent at both times. (D.E. 9-12 at 62.) Carpenter is not entitled to equitable tolling based on mental illness.

The record reveals no other basis to extend the limitations period. Carpenter filed his federal petition too late for it to be considered on the merits. 28 U.S.C. § 2244(d).

### 4. *Carpenter's motion for discovery*

Carpenter seeks discovery based on his assertion of actual innocence and that he pleaded guilty "unknowingly, unintelligently, or involuntary [sic]." (D.E. 11 at 1.) Carpenter attaches to his motion for discovery twenty requests for production to Davis and his trial lawyer. (D.E. 11 at 4.) Carpenter's motion for discovery is denied.

Rule 6 of the Rules Governing § 2254 cases permits discovery only if, and only to the extent that, the district court finds good cause. Good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Harris v. Nelson*, 394 U.S. 286, 290, (1969). A petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*

Good cause does not exist to permit discovery. Carpenter has not established a prima facie claim for relief. His motion for discovery does not explain why discovery is needed, or why it could not have been conducted during Carpenter's trial. He generally alleges "circumstances surrounding an alleged" event and "misconduct on the part of" a detective. (D.E. 11 at 1.) These allegations are merely speculative and conclusory.

### 5. *Conclusion*

The court denies Carpenter's Motion for Leave to Utilize Discovery (D.E. 11) and Amended Motion for Leave to Utilize Discovery. (D.E. 12.)

The court recommends that Davis's motion for summary judgment be granted and that Carpenter's petition for writ of habeas corpus be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on *March 26*, 2019.

_____
Peter Bray
United States Magistrate Judge